J-S37006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUAN RAMON TIBURCIO | |
| Appellant | No. 1589 MDA 2016 |

Appeal from the Judgment of Sentence Entered August 9, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0004618-2015

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 22, 2017**

Appellant Juan Ramon Tiburcio appeals from the August 9, 2016 judgment of sentence entered in the Court of Common Pleas of Berks County ("trial court"), following his jury convictions for two counts of delivery of a controlled substance (heroin), possession with intent to deliver a controlled substance (heroin) ("PWID"), conspiracy to commit PWID, three counts of criminal use of a communication facility, three counts of possession of drug paraphernalia, and three counts of possession of a controlled substance (heroin).[1]  Upon review, we affirm.

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903(a) and 7512(a); 35 P.S. § 780-113(a)(32) and (16), respectively.

The facts and procedural history of this case are undisputed.[2]  Briefly, between June 29, 2015 and August 11, 2015, the Narcotics Enforcement Team of the Berks County District Attorney's Office ("Narcotics Team") was working undercover to purchase heroin from a suspect, Karla Romig.  On August 11, 2016, Romig was arrested for drug offenses.  She then consented to Sergeant Todd Harris' use of her phone to contact her supplier, later identified as Appellant.  Posing as Romig, Sergeant Harris texted Appellant.  During the text conversation, Sergeant Harris asked Appellant for "three whole ones" which meant he was asking for three bundles of heroin.  Through the text conversation between Sergeant Harris (posing as Romig) and Appellant, they arranged to have Appellant deliver the drugs to Romig's residence.  Once Appellant arrived at the residence, he sent a text message to Romig stating that he was outside.

At that same time, the surveillance units working with Sergeant Harris informed him that a Toyota Camry had pulled up at the residence.  Appellant exited the passenger side of the Camry, operated by his brother Michael Tiburcio ("co-defendant"), and started to walk up onto the porch of Romig's residence.  He was then taken into custody.  The Narcotics Team recovered from Appellant's person $818.00 in U.S. currency, two cellular telephones,

---

[2] Unless otherwise noted, these facts are taken from the Trial Court Pa.R.A.P.1925(a) Opinion, 12/8/16, at 16–18.

and a sandwich bag containing a bundle of 10 heroin packets and another bundle of 9 heroin packets.

The Narcotics Team instructed the co-defendant to exit the Camry. A subsequent search of the co-defendant led to the recovery of a plastic sandwich bag containing 41 packets of crack cocaine, $296.00 in U.S. currency, a chunk of bulk cocaine and one packet of powder cocaine. Following the administration of Miranda warnings, the co-defendant directed the Narcotics Team to a small change drawer to the left of the steering wheel in the Camry containing 15 additional packets of heroin. The Narcotics Team also recovered the co-defendant's cellular phone from inside of the Camry. The co-defendant admitted to Detective George Taveras of the Berks County District Attorney's Office that he was "willing to cooperate with law enforcement," "he was doing this to get by," "times were tough," and that "this was a very small amount" and he can do "bigger things."

The Narcotics Team eventually charged Appellant with the above-mentioned crimes. Appellant's case proceeded to a jury trial, following which he was convicted of two counts of delivery of a heroin, PWID, conspiracy to commit PWID, three counts of criminal use of a communication facility, three counts of possession of drug paraphernalia, and three counts of possession of heroin. On August 9, 2016, the trial court sentenced Appellant to an aggregate term of 11 to 60 years' imprisonment. On August 19, 2016, Appellant filed post-sentence motions. On September 1, 2016, the trial court denied Appellant's motion. Appellant timely appealed to this

Court. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises three issues for our review:

[I.] Did the trial [court] err in allowing the Commonwealth to present an expert witness who was part of the arrest team, when the Commonwealth never disclosed the expert to the defense before trial and the facts of the case did not warrant the need for expert testimony?

[II.] Did the Commonwealth fail to present evidence to support a conviction of conspiracy?

[III.] Is the sentence of each count in athe [sic] aggravated range and to the maximum possible term and run consecutively, illegal?

Appellant's Brief at 5 (unnecessary capitalizations omitted).[3]

After careful review of the record and the relevant case law, we conclude that the trial court accurately and thoroughly addressed Appellant's first two issues on appeal. *See* Trial Court Opinion, 12/8/16, at 9-19. Accordingly, we affirm the trial court's August 9, 2016 judgment of

---

[3] Appellant's third issue implicates only the discretionary aspects of sentencing. As the Commonwealth points out, Appellant has failed to include a Pa.R.A.P. 2119(f) statement in his brief in support of his discretionary aspects of sentencing challenge. It is settled that "[a] failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument," unless the appellee, *i.e.*, the Commonwealth, objects to such omission. ***Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006), ***appeal denied***, 927 A.2d 624 (Pa. 2007). Instantly, the Commonwealth has objected to the absence of the Rule 2119(f) statement in Appellant's brief. *See* Commonwealth's Brief at 18-19. Accordingly, we deem Appellant's sentencing issue waived.

sentence. We further direct that a copy of the trial court's December 8, 2016 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2017